JUDGE LEISURE

07 CIV 5615


RECEIVED
JUN 1 3 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GETEX INVEST TRADING G.M.B.H.

                               Plaintiff,      07 CV

-v-

                                        **VERIFIED COMPLAINT**

CITY GROUP OF INDUSTRIES, SHAMPA OIL
MILLS LTD., CITY OIL MILLS, CITY VEGETABLE
OIL MILLS LTD., HASAN VEGETABLE OIL MILLS
LTD., CITY FIBERS LTD., HASAN PLASTIC
INDUSTRIES LTD., RAHMAN COCONUT OIL MILLS
LTD., HASAN FLOUR MILLS LTD., ASGAR OIL
MILLS LTD., KONAPARA OIL MILLS LTD., HASAN
PET INDUSTRIES, HASAN PRINTING & PACKAGING
INDUSTRIES LTD., HASAN CONTAINERS LTD.,
THE ASIA PACIFIC REFINIRIES LTD., CITY PET
INDUSTRIES LTD., FARZANA OIL MILLS LTD.,
CITY DAL MILLS LTD., and GRAINMARK,

                               Defendants.
------------------------------------------------------------x

       Plaintiff, GETEX INVEST TRADING G.M.B.H. (hereinafter "GETEX"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendants, CITY GROUP OF INDUSTRIES, SHAMPA OIL MILLS LTD., CITY OIL MILLS, CITY VEGETABLE OIL MILLS LTD., HASAN VEGETABLE OIL MILLS LTD., CITY FIBERS LTD., HASAN PLASTIC INDUSTRIES LTD., RAHMAN COCONUT OIL MILLS LTD., HASAN FLOUR MILLS LTD., ASGAR OIL MILLS LTD., KONAPARA OIL MILLS LTD., HASAN PET INDUSTRIES, HASAN PRINTING & PACKAGING INDUSTRIES LTD., HASAN CONTAINERS LTD., THE ASIA PACIFIC REFINIRIES LTD., CITY PET INDUSTRIES LTD., FARZANA OIL MILLS LTD., CITY DAL MILLS LTD., and GRAINMARK, alleges upon information and belief as follows:

## JURISDICTION

1. The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333 and federal question jurisdiction under 28 U.S.C. §203.

## THE PARTIES

2. At all times material hereto, Plaintiff, GETEX, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principal place of business at Wipplingerstrasse 1, Top 2, A-1010 Vienna, Austria.

3. At all times material hereto, Defendant, CITY GROUP OF INDUSTRIES (hereinafter "CGI"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 115/7/A, Distillary Road, Gandaria, Dhaka-1204, Bangladesh.

4. At all times material hereto, Defendant SHAMPA OIL MILLS LTD. (hereinafter "SHAMPA"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 115/7/A, Distillary Road, Gandaria, Dhaka-1204, Bangladesh.

5. At all times material hereto, Defendant CITY OIL MILLS (hereinafter "CITY OIL"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 115/7/A, Distillary Road, Gandaria, Dhaka-1204, Bangladesh.

6. At all times material hereto, Defendant CITY VEGETABLE OIL MILLS LTD. (hereinafter "CITY VEGETABLE"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 115/7/A, Distillary Road, Gandaria, Dhaka-1204, Bangladesh.

7. At all times material hereto, Defendant HASAN VEGETABLE OIL MILLS LTD. (hereinafter "HASAN VEGETABLE"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 115/7/A, Distillary Road, Gandaria, Dhaka-1204, Bangladesh.

8. At all times material hereto, Defendant CITY FIBERS LTD. (hereinafter "CITY FIBERS"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 115/7/A, Distillary Road, Gandaria, Dhaka-1204, Bangladesh.

9. At all times material hereto, Defendant HASAN PLASTIC INDUSTRIES LTD. (hereinafter "HASAN PLASTIC"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 115/7/A, Distillary Road, Gandaria, Dhaka-1204, Bangladesh.

10. At all times material hereto, Defendant RAHMAN COCONUT OIL MILLS LTD. (hereinafter "RAHMAN"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and

principle place of business at 115/7/A, Distillary Road, Gandaria, Dhaka-1204, Bangladesh.

11. At all times material hereto, Defendant HASAN FLOUR MILLS LTD. (hereinafter "HASAN FLOUR"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 115/7/A, Distillary Road, Gandaria, Dhaka-1204, Bangladesh.

12. At all times material hereto, Defendant ASGAR OIL MILLS LTD. (hereinafter "ASGAR"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 115/7/A, Distillary Road, Gandaria, Dhaka-1204, Bangladesh.

13. At all times material hereto, Defendant KANAPARA OIL MILLS LTD. (hereinafter "KANAPARA"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 115/7/A, Distillary Road, Gandaria, Dhaka-1204, Bangladesh.

14. At all times material hereto, Defendant HASAN PET INDUSTRIES (hereinafter "HASAN PET"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 115/7/A, Distillary Road, Gandaria, Dhaka-1204, Bangladesh.

15. At all times material hereto, Defendant HASAN PRINTING & PACKAGING INDUSTRIES LTD. (hereinafter "HASAN PRINTING"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 115/7/A, Distillary Road, Gandaria, Dhaka-1204, Bangladesh.

16. At all times material hereto, Defendant HASAN CONTAINERS LTD. (hereinafter "HASAN CONTAINERS"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 115/7/A, Distillary Road, Gandaria, Dhaka-1204, Bangladesh.

17. At all times material hereto, Defendant THE ASIA PACIFIC REFINIRIES LTD. (hereinafter "TAPR"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 115/7/A, Distillary Road, Gandaria, Dhaka-1204, Bangladesh.

18. At all times material hereto, Defendant CITY PET INDUSTRIES LTD. (hereinafter "CITY PET"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 115/7/A, Distillary Road, Gandaria, Dhaka-1204, Bangladesh.

19. At all times material hereto, Defendant FARZANA OIL MILLS LTD. (hereinafter "FARZANA"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 115/7/A, Distillary Road, Gandaria, Dhaka-1204, Bangladesh.

20. At all times material hereto, Defendant CITY DAL MILLS LTD. (hereinafter "CITY DAL"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 115/7/A, Distillary Road, Gandaria, Dhaka-1204, Bangladesh.

21.    At all times material hereto, Defendant GRAINMARK, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 115/7/A, Distillary Road, Gandaria, Dhaka-1204, Bangladesh.

## FACTS AND CLAIM

22.    GETEX and SHAMPA entered into two separate contracts for the carriage of mustard seeds. The first contract contemplated carriage of the cargo onboard the M/V TORTUGA and the second contract contemplated carriage onboard the M/V VISPATAURINI.

23.    The subject agreements for the carriage of the cargo are maritime contracts.

24.    As a result of each voyage, both vessels incurred demurrage at their respective discharging ports (respectively, the "TORTUGA claim" and the "VISPATAURINI claim").

25.    In accordance with the contracts of carriage, SHAMPA is responsible to pay demurrage to GETEX. However, despite repeated demands for same, SHAMPA has failed, refused and/or otherwise neglected to do so.

26.    Disputes arising out of these agreements are to be resolved by arbitration.

27.    Accordingly, GETEX commenced arbitration proceedings as against SHAMPA for the demurrage claim for the M/V TORTUGA and for the demurrage claim for the M/V VISPATAURINI.

28.    GETEX successfully obtained an award for the M/V TORTUGA claim in the amount of US$36,900 plus interest and costs, totaling US$63,049.51 in the aggregate.

Pursuant to 9 U.S.C. § 207, it is requested that this Court confirm and enter judgment on the arbitration award in the amount of US$63,049.51.

29. Arbitration is pending regarding the M/V VISPATAURINI demurrage claim. GETEX is claiming US$94,265.10 plus additional interest and costs to be incurred. As best as can be determined at this time, additional interest, costs and legal fees to be incurred will be an amount of not less than US$40,000. Therefore, GETEX's total claim is US$134,265.10 for the M/V VISPATAURINI dispute.

30. Consequently, GETEX's total claim against SHAMPA is US$197,314.61.

31. Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant SHAMPA and Defendants CGI, CITY OIL, CITY VEGETABLE, HASAN VEGETABLE, CITY FIBERS, HASAN PLASTIC, RAHMAN, HASAN FLOUR, ASGAR, KANAPARA, HASAN PET, HASAN PRINTING, HASAN CONTAINERS, TAPR, CITY PET, FARZANA, CITY DAL, and GRAINMARK, that no separation exists between them and the corporate form of Defendant SHAMPA has been disregarded such that Defendant SHAMPA primarily transacted the business of Defendants CGI, CITY OIL, CITY VEGETABLE, HASAN VEGETABLE, CITY FIBERS, HASAN PLASTIC, RAHMAN, HASAN FLOUR, ASGAR, KANAPARA, HASAN PET, HASAN PRINTING, HASAN CONTAINERS, TAPR, CITY PET, FARZANA, CITY DAL, and GRAINMARK.

32. Upon information and belief, at all material times, Defendants CGI, CITY OIL, CITY VEGETABLE, HASAN VEGETABLE, CITY FIBERS, HASAN PLASTIC, RAHMAN, HASAN FLOUR, ASGAR, KANAPARA, HASAN PET, HASAN PRINTING, HASAN CONTAINERS, TAPR, CITY PET, FARZANA, CITY DAL, and

GRAINMARK contracted for the M/V TORTUGA and M/V VISPATAURINI in the name of Defendant SHAMPA such that Defendants CGI, CITY OIL, CITY VEGETABLE, HASAN VEGETABLE, CITY FIBERS, HASAN PLASTIC, RAHMAN, HASAN FLOUR, ASGAR, KANAPARA, HASAN PET, HASAN PRINTING, HASAN CONTAINERS, TAPR, CITY PET, FARZANA, CITY DAL, and GRAINMARK were the actual contract parties of the M/V TORTUGA and M/V VISPATAURINI.

33. Upon information and belief, at all material times, Defendant SHAMPA and Defendants CGI, CITY OIL, CITY VEGETABLE, HASAN VEGETABLE, CITY FIBERS, HASAN PLASTIC, RAHMAN, HASAN FLOUR, ASGAR, KANAPARA, HASAN PET, HASAN PRINTING, HASAN CONTAINERS, TAPR, CITY PET, FARZANA, CITY DAL, and GRAINMARK have overlapping ownership, management, personnel and purposes such that Defendant SHAMPA and Defendants CGI, CITY OIL, CITY VEGETABLE, HASAN VEGETABLE, CITY FIBERS, HASAN PLASTIC, RAHMAN, HASAN FLOUR, ASGAR, KANAPARA, HASAN PET, HASAN PRINTING, HASAN CONTAINERS, TAPR, CITY PET, FARZANA, CITY DAL, and GRAINMARK did not operate at arms length.

34. Upon information and belief, at all material times, Defendant SHAMPA and Defendants CGI, CITY OIL, CITY VEGETABLE, HASAN VEGETABLE, CITY FIBERS, HASAN PLASTIC, RAHMAN, HASAN FLOUR, ASGAR, KANAPARA, HASAN PET, HASAN PRINTING, HASAN CONTAINERS, TAPR, CITY PET, FARZANA, CITY DAL, and GRAINMARK have had common addresses, common contact information such that the Defendant SHAMPA had no independent corporate identity from the Defendants CGI, CITY OIL, CITY VEGETABLE, HASAN

VEGETABLE, CITY FIBERS, HASAN PLASTIC, RAHMAN, HASAN FLOUR, ASGAR, KANAPARA, HASAN PET, HASAN PRINTING, HASAN CONTAINERS, TAPR, CITY PET, FARZANA, CITY DAL, and GRAINMARK.

35. Upon information and belief, at all material times, there has been an intermingling of funds between Defendant SHAMPA and Defendants CGI, CITY OIL, CITY VEGETABLE, HASAN VEGETABLE, CITY FIBERS, HASAN PLASTIC, RAHMAN, HASAN FLOUR, ASGAR, KANAPARA, HASAN PET, HASAN PRINTING, HASAN CONTAINERS, TAPR, CITY PET, FARZANA, CITY DAL, and GRAINMARK.

36. Upon information and belief, at all material times, Defendants CGI, CITY OIL, CITY VEGETABLE, HASAN VEGETABLE, CITY FIBERS, HASAN PLASTIC, RAHMAN, HASAN FLOUR, ASGAR, KANAPARA, HASAN PET, HASAN PRINTING, HASAN CONTAINERS, TAPR, CITY PET, FARZANA, CITY DAL, and GRAINMARK have dominated, controlled and used the Defendant SHAMPA for their own purposes such that there is no meaningful difference between the several entities.

37. Upon information and belief, at all material times, Defendants CGI, CITY OIL, CITY VEGETABLE, HASAN VEGETABLE, CITY FIBERS, HASAN PLASTIC, RAHMAN, HASAN FLOUR, ASGAR, KANAPARA, HASAN PET, HASAN PRINTING, HASAN CONTAINERS, TAPR, CITY PET, FARZANA, CITY DAL, and GRAINMARK have disregarded the corporate form of Defendant SHAMPA to the extent that Defendants CGI, CITY OIL, CITY VEGETABLE, HASAN VEGETABLE, CITY FIBERS, HASAN PLASTIC, RAHMAN, HASAN FLOUR, ASGAR, KANAPARA, HASAN PET, HASAN PRINTING, HASAN CONTAINERS, TAPR,

CITY PET, FARZANA, CITY DAL, and GRAINMARK were actually carrying on SHAMPA's business and operations as if the same were their own, or vice versa.

38. Upon information and belief, Defendant SHAMPA utilizes the Defendants CGI, CITY OIL, CITY VEGETABLE, HASAN VEGETABLE, CITY FIBERS, HASAN PLASTIC, RAHMAN, HASAN FLOUR, ASGAR, KANAPARA, HASAN PET, HASAN PRINTING, HASAN CONTAINERS, TAPR, CITY PET, FARZANA, CITY DAL, and GRAINMARK to transfer funds through, to and from the Southern District of New York on its behalf.

39. Upon information and belief, there are reasonable grounds to conclude that the Defendants CGI, CITY OIL, CITY VEGETABLE, HASAN VEGETABLE, CITY FIBERS, HASAN PLASTIC, RAHMAN, HASAN FLOUR, ASGAR, KANAPARA, HASAN PET, HASAN PRINTING, HASAN CONTAINERS, TAPR, CITY PET, FARZANA, CITY DAL, and GRAINMARK are the alter-egos of Defendant SHAMPA and, therefore, Plaintiff GETEX has a valid prima facie *in personam* claim against Defendants CGI, CITY OIL, CITY VEGETABLE, HASAN VEGETABLE, CITY FIBERS, HASAN PLASTIC, RAHMAN, HASAN FLOUR, ASGAR, KANAPARA, HASAN PET, HASAN PRINTING, HASAN CONTAINERS, TAPR, CITY PET, FARZANA, CITY DAL, and GRAINMARK based upon alter ego liability.

## BASIS FOR ATTACHMENT

40. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits,

effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

41.     Plaintiff believes that some of these assets, to wit: bank accounts; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendants, SHAMPA, CGI, CITY OIL, CITY VEGETABLE, HASAN VEGETABLE, CITY FIBERS, HASAN PLASTIC, RAHMAN, HASAN FLOUR, ASGAR, KANAPARA, HASAN PET, HASAN PRINTING, HASAN CONTAINERS, TAPR, CITY PET, FARZANA, CITY DAL, and GRAINMARK, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Chase Manhattan Bank, Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.     That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.     That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the

Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendants, up to the amount of USD $394,629.22 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C. That this Court retain jurisdiction over this matter through the entry of a judgment on the aforesaid arbitration award.

D. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
June 12, 2007

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
GETEX INVEST TRADING G.M.B.H.

By: _____
George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GETEX INVEST TRADING G.M.B.H.

                       Plaintiff,                      07 CV

-v-

                                                                              **VERIFICATION OF**
                                                                              **COMPLAINT**

CITY GROUP OF INDUSTRIES, SHAMPA OIL
MILLS LTD., CITY OIL MILLS, CITY VEGETABLE
OIL MILLS LTD., HASAN VEGETABLE OIL MILLS
LTD., CITY FIBERS LTD., HASAN PLASTIC
INDUSTRIES LTD., RAHMAN COCONUT OIL MILLS
LTD., HASAN FLOUR MILLS LTD., ASGAR OIL
MILLS LTD., KONAPARA OIL MILLS LTD., HASAN
PET INDUSTRIES, HASAN PRINTING & PACKAGING
INDUSTRIES LTD., HASAN CONTAINERS LTD.,
THE ASIA PACIFIC REFINIRIES LTD., CITY PET
INDUSTRIES LTD., FARZANA OIL MILLS LTD.,
CITY DAL MILLS LTD., and GRAINMARK,

                       Defendants.
------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.       I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, GETEX INVEST TRADING G.M.B.H., herein;

       2.       I have read the foregoing Verified Complaint and know the contents thereof; and

       3.       I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.       The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose

verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
June 12, 2007

                                  CHALOS, O'CONNOR & DUFFY, L.L.P.
                                  Attorneys for Plaintiff
                                  GETEX INVEST TRADING G.M.B.H.

By: _____
                                  George M. Chalos (GC-8693)
                                  366 Main Street
                                  Port Washington, New York 11050
                                  Tel: (516) 767-3600
                                  Fax: (516) 767-3605
                                  Email: gmc@codus-law.com